UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARISMA GARCIA,<br><br>                Petitioner,<br>    v.<br>BRUCE STROUD, *et al.*,<br><br>                Respondents. | Case No. 3:17-cv-00711-MMD-WGC<br><br>ORDER |

On December 11, 2019, the Court denied pro se 28 U.S.C. § 2254 habeas corpus petitioner Karisma Garcia's motion for appointment of counsel. (ECF No. 25.) That order was served via U.S. Mail at Garcia's address of record. On December 26, 2019, the order was returned as undeliverable with the notation "paroled." (ECF No. 26.) The Nevada Department of Corrections website also reflects that Garcia has been paroled, but Garcia has not filed a notice of change of address or contacted the court in any matter. Thus, this action is subject to dismissal for failure to update address. *See* LR IA 3-1.

Further, Respondents have moved to dismiss the petition as noncognizable (ECF Nos. 20, 21, 22). In her petition, Garcia challenges a disciplinary proceeding and argues that she lost statutory or "good time" credits (ECF No. 8).[1] But Respondents point out that: (1) a claim that would not necessarily lead to her earlier release from confinement is not cognizable in federal habeas corpus; and (2) NDOC did not, in fact, ever impose the loss of statutory credits (ECF No. 20).

The Ninth Circuit has held that claims that would not necessarily lead to immediate or speedier release from confinement do not fall within "the core of habeas corpus" and thus are not cognizable under § 2254. *Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th

---

[1] Karisma Garcia is transgender and identifies as female, though she was housed in a male prison. (ECF No. 20, p. 1, n.1.)

Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)). Even if Garcia had lost statutory credits, the restoration of the credits would not have necessarily led to her being paroled. Further, while Respondents do not know why the disciplinary sanction was never imposed, they point to Garcia's credit history, which demonstrates that she received her statutory credits each month (ECF No. 19-37 (Exh. 56); *see also* ECF No. 22 at 3.) Finally, the Court notes that Garcia has in fact been paroled. Accordingly, the petition is dismissed as noncognizable. As reasonable jurists would not find this conclusion to be debatable or wrong, the Court will not issue a certificate of appealability.

It is therefore ordered that the petition is dismissed with prejudice as set forth in this order.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 7th day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE